IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEVONE JONES, # 365534           *

    Plaintiff                *

v.                               *     Civil Action No. AW-12-cv-2058

SOLOMAN HEJIRIKA, SR.            *

    Defendant                *
                        ***

## MEMORANDUM OPINION

Pending is a Motion to Proceed in Forma Pauperis and prisoner civil rights complaint filed by self-represented plaintiff Levone Jones, presenting claims arising from the time he was confined at the Metropolitan Transition Center ("MTC"). Jones, who is currently housed at Western Correctional Institution, alleges that when he was housed at MTC in April of 2011, there was water on his cell floor for seven days, there were lead-based paint chips behind the sink in his cell, he was exposed to black mold which caused him headaches, the windows were broken, the building was infested with vermin, the electrical wiring was loose, food preparation was unsafe, there were sewage leaks, and he had limited library access. When he complained to prison authorities[1] about these conditions, he was told the problem was being worked on and

---

[1] Plaintiff states he filed grievances about these issues under the Administrative Remedy Procedure. ECF No. 1 at 6. He does not provide any evidence, however, that he has administratively exhausted his claims. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § ] 1983 ... or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 8485 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. In order to satisfy the exhaustion requirement, a prisoner must also present his grievance to the Commissioner of Correction and the Executive Director of the Inmate Grievance Office. Should Plaintiff wish to proceed with a conditions claim after completing dominstrative exhaustion, he should provide the Court with copies

MTC was an old building. ECF No. 1. Additionally, he complains the medical care was "negligent." ECF No. 5. As redress, Jones asks this Court to order MTC closed and to grant him "compensation" for his mental and emotional suffering and injunctive relief mandating the facility be closed. The Court will grant Plaintiff's Motion to Proceed in Forma Pauperis for the purpose of preliminary review of the Complaint. The Complaint will be dismissed for reasons to follow.

### A. Conditions Claim

In order to state a constitutional claim premised on prison conditions, a plaintiff must allege that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. *See Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Discomfort and inconvenience do not in and of themselves violate the Constitution. *See In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471-72 (4th Cir. 1999). "The Constitution… 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at 298.

---

of his administrative proceedings. Should Plaintiff wish to proceed with a conditions claim after completing administrative exhaustion, he should provide the Court with copies of his administrative proceedings.

In this Complaint, Jones fails to allege or provide any facts to suggest that Defendant, the Warden, was deliberately indifferent to the conditions alleged.[2] Further, his request for injunctive relief, *i.e.* for the closing of MTC, was rendered moot by his transfer from MTC to another prison. *See Rendellman v. Rouse,* 569 F.3d 182, 186 (4th Cir.2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248–49 (4th Cir. 2005) (holding that former detainee's request for injunctive relief was moot); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991) ("The transfer ... has rendered moot [the plaintiff's] claims for injunctive and declaratory relief."); *see also Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

### B. Medical Claim

Jones next complains the medical care at MTC was "negligent." ECF No. 5. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). When prison officials show "deliberate indifference" to a prisoner's "serious medical needs," their actions or omissions give rise to an Eighth Amendment violation. *Id.* at 104. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The medical treatment provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or malpractice does not rise to a constitutional level. *Miltier,*

---

[2] The Complaint provides no basis to hold Defendant liable on the grounds of supervisory liability.

896 F.2d at 848. Prison officials are entitled to rely upon the professional judgment of trained medical personnel. *Miltier*, 896 F.2d at 854; *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995). Thus, to establish deliberate indifference by non-medical prison personnel such as Defendant, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, deliberately interfered with the treatment, or tacitly authorized or was indifferent to the medical provider's misconduct. *Miltier*, 896 F.2d at 853. No such allegation is made here. For all these reasons, Plaintiff's assertion of negligent medical care fails to constitute a constitutional claim.

    A. **Law Library Access**

To the extent Plaintiff's allegation of limited access to the law library might be construed to allege denial of access to the courts, he has failed to allege any facts that tend to show a specific injury, such as missing a filing deadline. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996).

## CONCLUSION

For these reasons, the Court finds Jones has failed to state a constitutional claim. This matter will be dismissed without prejudice. A separate Order follows.

October 18, 2012

Alexander Williams, Jr.
United States District Judge